# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| **HAROLD WAYNE NICHOLS,** | ) | |
| | ) | |
| Plaintiff, | ) | <u>CAPITAL CASE</u> |
| | ) | |
| v. | ) | Case No. 3:20-cv-00566 |
| | ) | |
| **TONY PARKER, in his official capacity** | ) | **JUDGE TRAUGER** |
| as Tennessee's Commissioner of | ) | |
| Correction, | ) | |
| | ) | |
| **TONY MAYS, in his official capacity as** | ) | |
| warden of Riverbend Maximum Security | ) | |
| Institution, | ) | |
| | ) | |
| **JOHN AND JANE DOES, TDOC** | ) | |
| **Employees, in their official capacities,** | ) | |
| | ) | |
| **HERBERT H. SLATERY III, in his** | ) | |
| official capacity as Attorney General of | ) | |
| the State of Tennessee, | ) | |
| | ) | |
| **JUSTICES OF THE TENNESSEE** | ) | |
| **SUPREME COURT, in their official** | ) | |
| **capacities,** | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE IN OPPOSITION
## TO PLAINTIFF'S MOTION TO EXPEDITE PROCEEDINGS

Plaintiff Harold Nichols, a death row inmate, has filed a complaint challenging the date of his execution on a variety of grounds, including the Free Exercise Clause of the First Amendment, the Cruel and Unusual Punishment Clause of the Eighth Amendment, and the Due Process Clause of the Fourteenth Amendment. (D.E. 1.) Plaintiff has also filed a motion to expedite the proceedings in this case. (D.E. 4.) Defendants Tony Parker, Tony Mays, Herbert Slatery, and the

Justices of the Tennessee Supreme Court have been ordered to respond to Plaintiff's motion to expedite even though Plaintiff has yet to serve Defendants with a proper summons as required by Fed. R. Civ. P. 4 or a copy of the motion to expedite.[1]

## FACTUAL BACKGROUND

On January 15, 2020, the Tennessee Supreme Court set Plaintiff's execution date for August 4, 2020. (D.E. 1, PageID# 8, ¶ 1.) On April 30, 2020, Plaintiff filed a motion to stay his execution in the Supreme Court of Tennessee in which he raised the same allegations he now asks this Court to review in an expedited manner. (Attachments 1-3.) That motion was denied on June 4, 2020. (Attachment 4.) Plaintiff filed a renewed motion to stay on June 15, 2020 (Attachment 5), which was denied on June 22, 2020. (See Attachment 6.)

## ARGUMENT

**Plaintiff's Motion Fails to Establish Good Cause for the Court to Expedite This Lawsuit.**

Plaintiff brings this motion pursuant to Local Rule 7.01(c). However, Local Rule 7.01(c) deals with "Motions to Ascertain Status of Case" and is inapplicable to this case. When considering whether to expedite an "action," courts are to examine the matter for "good cause." 28 U.S.C. § 1657(a). Plaintiff has neither invoked this statute nor provided any support for applying it in this context in an attempt to avoid the requirements and standard for obtaining temporary injunctive relief; in any event, Plaintiff has failed to establish good cause for his request that the Court expedite this lawsuit.

---

[1] The Court has ordered the Defendants to respond to Plaintiff's motion to expedite and the undersigned is filing this response pursuant to the Court's order without filing an appearance and without waiving Defendants' right to be served process in accordance with Fed. R. Civ. P. 4. Defendants herein include the individual Justices of the Tennessee Supreme Court and other State officials who are entitled to be served with process that accords with the Federal Rules of Civil Procedure and in the same manner as all other defendants to a lawsuit. The undersigned notified Plaintiff's counsel of deficiencies in the summonses presented to Defendants on July 1, 2020, and has received no response.

Plaintiff states that "the majority of events giving rise to the causes of action took place in the last 30 days" and that "service was accomplished via email." (D.E. 4, PageID# 649, ¶¶ 3, 5.) These statements are incorrect. The vast majority of the allegations in this complaint concern incidents that occurred prior to June 2020. (D.E. 1, PageID# 12–21, 30–37, 43–49, ¶¶ 12–35, 37–47, 49–54, 90–121, 123–31, 134–35, 170–82, 185–216.)

Plaintiff moves for expedited proceedings because his "Complaint [raises] serious and substantial violations of constitutional and statutory rights that, if not heard in time, cannot be redressed before the August 4 execution date." (D.E. 4, PageID# 649, ¶ 2.) However, there is not good cause for expedited proceedings because a proper, fair, and adequate procedure addressing Plaintiff's concerns already exists: the motion for preliminary injunctive relief staying the execution. *See* Fed. R. Civ. P. 65. This approach is fair to both parties—particularly in a case that raises issues of law that are novel, complex, and unlikely to succeed on the merits. If Plaintiff were to file a motion for a preliminary injunction, the Court would decide, among other issues, whether Plaintiff demonstrated a "strong likelihood of success on the merits." *Enchant Christmas Light Maze & Mkt. Ltd. v. Glowco*, LLC, No. 3:19-CV-00966, 2019 WL 5964531, at *3 (M.D. Tenn. Nov. 13, 2019), *aff'd*, 958 F.3d 532 (6th Cir. 2020). Providing Plaintiff satisfied this standard and the Court granted his request for a preliminary injunction, the case would proceed in due course on a reasonable timeline, subject to any appeals. Plaintiff is attempting to sidestep the rigorous standard governing motions for preliminary injunctions by filing a motion for expedited relief. This approach is more burdensome on Defendants than it is beneficial for Plaintiffs. It forces Defendants to address the merits of the novel and complex legal issues in this case without regard to whether these allegations are likely to succeed.

Plaintiff's proposed schedule requires Defendants to file an answer to his complaint by July 7, 2020, but then states that all dispositive motions and motions for preliminary injunctive relief would be due by July 14, 2020. There is not good cause for the Court to adopt this schedule. First, the proposed schedule requires Defendants to forego the benefit of a Fed. R. Civ. P. (b)(6) motion to dismiss and forces them to proceed to the merits of the lawsuit by filing an answer before they file a dispositive motion. Such an approach runs contrary to the basic logic of the Federal Rules of Civil Procedure, which allow defendants in all lawsuits to challenge the legal sufficiency of a complaint prior to filling an answer. *See* Fed. R. Civ. P. 12. Because the July 14 deadline appears to apply to *all* dispositive motions, the proposed schedule also requires Defendants to file any motions for summary judgment they may wish to bring without the benefit of any discovery, which again, runs contrary to the logic of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days *after the close of all discovery*." (emphasis added)). Finally, the proposed schedule deprives Defendants of the opportunity to file a reply to any responses Plaintiff might have to their dispositive motions. Thus, the proposed schedule is more burdensome to Defendants than it is beneficial to Plaintiff.

The fact that a death row inmate faces an imminent execution date cannot be good cause to expedite the plethora of last-minute lawsuits filed by individuals in the same position as Plaintiff and sets a dangerous and unworkable precedent for federal courts dealing with last minute litigation in such cases. This is particularly the case where the Federal Rules of Civil Procedure already provide an appropriate, workable mechanism for resolving urgent requests like Plaintiff's—a motion for a temporary injunction. Fed. R. Civ. P. 65. The proposed expedited

schedule is burdensome to the Defendants and the Court, and is unworkable in practice. Plaintiff has failed to establish good cause to expedite these proceedings.

## CONCLUSION

For these reasons, Plaintiff's Motion to Expedite Proceedings should be denied.

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter


s/ *Scott C. Sutherland*
SCOTT C. SUTHERLAND
Deputy Attorney General
Law Enforcement and
Special Prosecutions Division
B.P.R. No. 29013
Scott.Sutherland@ag.tn.gov
Office of the Tennessee Attorney General
and Reporter
P.O. Box 20207
Nashville, Tennessee 37202-0207
Off. (615) 532-7688
Fax (615) 532-4892


## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Response in Opposition to Plaintiff's Motion to Expedite Proceedings has been filed and served electronically to the following parties via the Court's electronic filing system on this the 2nd day of July, 2020:

Susanne Bales
Asst. Federal Community Defender
Dana C. Hansen Chavis
Asst. Federal Community Defender
Federal Defender Services
of Eastern Tennessee, Inc
800 South Gay Street, Suite 2400
Knoxville, TN 37929
Telephone: (865) 637-7979

Susanne_Bales@fd.org
Dana_Hansen@fd.org

Abigail T. Reardon
DLA Piper LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500
Abigail.Reardon@dlapiper.com

Chelsea R. Dal Corso
DLA Piper LLP (US)
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
(310) 595-3000
Chelsea.Dalcorso@dlapiper.com

                                                            s/ *Scott C. Sutherland*
                                                            SCOTT C. SUTHERLAND